# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT OWENSBORO

**WILLIAM TODD BOWLDS**                                                          **PLAINTIFF**

**v.**                                                        **CIVIL ACTION NO. 4:10CV-P44-M**

**ROBERT SEXTON et al.**                                                       **DEFENDANTS**

## MEMORANDUM OPINION

Plaintiff, William Todd Bowlds, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 (DN 1).[1] This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed.

## MOTIONS

Plaintiff has filed two motions which the Court interprets to be motions to amend or correct his complaint (DNs 9 and 10). These motions are **GRANTED**. *See* Fed. R. Civ. P. 15(a). Plaintiff also has filed a motion for review of documents and for immediate release (DN 14). He asks the Court to review attached documents regarding medications he was taking at the time he made his plea and asks the Court to release him after reviewing those documents. The Court construes Plaintiff's request to review documents as a motion to amend the complaint and the motion (DN 14) in that respect is **GRANTED**. Plaintiff's request for immediate release (DN 14) is **DENIED** for the same reasons as this action will be dismissed as explained more fully below. Plaintiff has filed an additional motion to submit documents (DN 17), which the Court **GRANTS**.

---

[1] The Court has consolidated three actions filed by Plaintiff into the instant action.

# I. SUMMARY OF CLAIMS

Plaintiff sues in their individual capacities public defenders Robert Sexton and Leigh A. Jackson and Assistant Commonwealth's Attorney Timothy R. Coleman. He also sues the Kentucky Department of Public Advocacy and the Kentucky Commonwealth's Attorney's Office. According to his complaints and amendments thereto, Plaintiff was arrested in November 2008 and charged in a criminal case in Hancock County, Kentucky. He alleges that Defendant Jackson was appointed counsel for him from the Department of Public Advocacy. He alleges that on December 4, 2009, Defendant Jackson violated his civil rights by not presenting to the state-court judge evidence that he had signed out of the mental institution where he was living and she did not "help keep his shock probation from being violated."

Plaintiff further states that when judgment was entered against him on February 6, 2009, he was represented by Defendant Sexton, who coerced him into answering "no" to the question whether he was under the influence of any narcotics. He states that Defendant Coleman was the prosecuting attorney in that case and that Defendant Coleman violated his constitutional rights because he knew that Plaintiff was on medication at the time he entered his plea.

As relief, Plaintiff wants monetary damages, to be released from incarceration, and to have his conviction vacated.

# II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28

U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

*Prosecutorial defendants*

Plaintiff sues an Assistant Commonwealth' Attorney, Defendant Coleman, and the Kentucky Commonwealth's Attorney's Office. Plaintiff's claims against these prosecutorial defendants are barred. In broad terms, Plaintiff's claims against them relate to conduct in their role as an advocate. To the extent the prosecutorial defendants were acting in their roles as advocates, *i.e.*, initiating and pursuing a criminal prosecution and presenting the Commonwealth of Kentucky's case, they enjoy absolute prosecutorial immunity. *Imbler v. Pachtman*, 424 U.S. 409, 427-28 (1976); *see also Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989) (holding that prosecutors were absolutely immune from claim alleging that they conspired to knowingly bring false charges despite claims of failure to investigate facts and alleged commission of perjury before the grand jury). Moreover, federal courts have no general power to compel action by state officers in the performance of their duties. *More v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973) (per curiam); *Haggard v. Tennessee*, 421 F.2d 1384, 1386 (6th Cir. 1970). Therefore, Plaintiff's claims against Defendant Coleman and the Commonwealth's Attorney's Office will be dismissed for failure to state a claim.

3

*Public defender defendants*

Plaintiff's claims against public defenders Sexton and Jackson and the Department of Public Advocacy are likewise barred. It is firmly established that defense counsel, while acting in that capacity, is not a state actor for purposes of § 1983. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Otworth v. Vanderploeg*, 61 F. App'x 163, 165 (6th Cir. 2003) ("A lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983."). Thus, Plaintiff has failed to state a claim under § 1983 against these Defendants.

To the extent that Plaintiff wishes to challenge the validity of his state-court conviction in this Court he may do so in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 after he has fully exhausted his state court remedies.

### III. CONCLUSION

For the foregoing reasons, the Court will, by separate Order, dismiss Plaintiff's claims for failure to state a claim upon which relief may be granted.

Date:

cc: Plaintiff, *pro se*
　　Defendants

4414.009